UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Shawn Reid

                      Plaintiff,

    -v-

Mainstream Electric, Inc.,
GMR Associates Inc., and
Errol Grant,

                      Defendants.

**DEFENDANT'S ANSWER**

**Case No. 1:22-cv-04483-JPC**

---

Defendant GMR Associates Inc. ("Defendant") by and through their attorneys Harris Beach PLLC, submits the following ANSWER to Plaintiff's Complaint:

## **INTRODUCTION**

1. With respect to those allegations contained in paragraph "1" of the Complaint that set forth legal conclusions, no response is necessary. Defendant refers to the statute and laws cited therein for their true and correct content only. Defendant admits only that Plaintiff brings this action and seeks recovery as stated in that paragraph, and otherwise denies the remaining allegations contained in said paragraph.

2. With respect to those allegations contained in paragraph "2" of the Complaint that set forth legal conclusions, no response is necessary. Defendant refers to the statute and laws cited therein for their true and correct content only. Defendant admits only that Plaintiff brings this action and seeks recovery as stated in that paragraph, and otherwise denies the remaining allegations contained in said paragraph.

3. With respect to those allegations contained in paragraph "3" of the Complaint that set forth legal conclusions, no response is necessary. Defendant admits only that Plaintiff brings

this action and seeks recovery as stated in that paragraph, and otherwise denies the remaining allegations contained in said paragraph.

4. With respect to those allegations contained in paragraph "4" of the Complaint that set forth legal conclusions, no response is necessary. Defendant refers to the statute and laws cited therein for their true and correct content only. Defendant admits only that Plaintiff brings this action and seeks recovery as stated in that paragraph, and otherwise denies the remaining allegations contained in said paragraph.

## JURISDICTION AND VENUE

5. With respect to those allegations contained in paragraph "5" of the Complaint that set forth legal conclusions, no response is necessary. Defendant refers to the statute and laws cited therein for their true and correct content only. Defendant otherwise denies the remaining allegations contained in said paragraph.

6. With respect to those allegations contained in paragraph "6" of the Complaint that set forth legal conclusions, no response is necessary. Defendant refers to the statute and laws cited therein for their true and correct content only. Defendant otherwise denies the remaining allegations contained in said paragraph.

7. With respect to those allegations contained in paragraph "7" of the Complaint that set forth legal conclusions, no response is necessary. Defendant refers to the statute and laws cited therein for their true and correct content only. Defendant otherwise denies the remaining allegations contained in said paragraph.

## THE PARTIES

8. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "8" of the Complaint.

9. Defendant admits, upon information and belief, the allegation contained in paragraph "9" of the Complaint.

10. Defendant admits the allegation contained in paragraph "10" of the Complaint.

11. With respect to the allegations contained in paragraph "11" that set forth conclusions of law, no response is required. Defendant refers to the statute and law cited therein for its true and correct content only. Defendant otherwise denies the remaining allegations contained in said paragraph.

12. Defendant admits, upon information and belief, the allegations contained in paragraph "12" of the Complaint.

13. With respect to the allegations contained in paragraph "13" of the Complaint that set forth conclusions of law, no response is required. Defendant admits only, upon information and belief, that co-Defendants Mainstream Electric, Inc. ("Mainstream") and/or Errol Grant ("Grant") engaged in the conduct alleged in said paragraph, and otherwise denies the remaining allegations contained in said paragraph.

14. Defendant denies the allegation contained in paragraph "14" of the Complaint.

15. With respect to the allegations contained in paragraph "15" of the Complaint that set forth conclusions of law, no response is required. Defendant admits only, upon information and belief, that Plaintiff was employed by Defendant Mainstream and/or Defendant Grant, and otherwise denies the remaining allegations contained in said paragraph.

## STATEMENT OF FACTS

16. With respect to the allegations contained in paragraph "16" of the Complaint, Defendant admits only, upon information and belief, that Defendant Mainstream and/or Defendant

Grant are involved in the "business" as stated in said paragraph, and otherwise denies the remaining allegations contained in said paragraph.

17. With respect to the allegations contained in paragraph "17" of the Complaint that set forth conclusions of law, no response is required. Defendant admits only, upon information and belief, that Defendant Mainstream and/or Defendant Grant employ the number of individuals as stated in said paragraph, denies any joint-employer relationship with said co-Defendants, and otherwise denies the remaining allegations contained in said paragraph.

18. With respect to the allegations contained in paragraph "18" of the Complaint that set forth conclusions of law, no response is required. Defendant denies knowledge or information sufficient to form a belief as to the truth of Plaintiff's dates of employment with co-Defendants Mainstream and/or Grant, and otherwise denies the remaining allegations contained in said paragraph.

19. With respect to the allegations contained in paragraph "19" of the Complaint that set forth conclusions of law, no response is required. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph.

20. With respect to the allegations contained in paragraph "20" of the Complaint, Defendant denies employing Plaintiff in any capacity whatsoever. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph.

21. With respect to the allegations contained in paragraph "21" of the Complaint, Defendant denies employing Plaintiff in any capacity whatsoever. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations

contained in said paragraph, and otherwise denies the remaining allegations contained in said paragraph.

22. With respect to the allegations contained in paragraph "22" of the Complaint, Defendant denies employing Plaintiff in any capacity whatsoever. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph, and otherwise denies the remaining allegations contained in said paragraph.

23. With respect to the allegations contained in paragraph "23" of the Complaint that set forth conclusions of law, no response is required. Defendant refers to the statutes and laws cited therein for their true and correct content only. Defendant denies employing Plaintiff in any capacity whatsoever. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph, and otherwise denies the remaining allegations contained in said paragraph.

24. With respect to the allegations contained in paragraph "24" of the Complaint that set forth conclusions of law, no response is required. Defendant denies employing Plaintiff in any capacity whatsoever. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph, and otherwise denies the remaining allegations contained in said paragraph.

25. With respect to the allegations contained in paragraph "25" of the Complaint that set forth conclusions of law, no response is required. Defendant refers to the statutes and laws cited therein for their true and correct content only. Defendant otherwise denies the remaining allegations contained in said paragraph.

26. With respect to the allegations contained in paragraph "26" of the Complaint that set forth conclusions of law, no response is required. Defendant refers to the statutes, laws, and

decision cited therein for their true and correct content only. Defendant otherwise denies the remaining allegations contained in said paragraph.

27. With respect to the allegations contained in paragraph "27" of the Complaint that set forth conclusions of law, no response is required. Defendant refers to the statutes, laws, and decision cited therein for their true and correct content only. Defendant otherwise denies the remaining allegations contained in said paragraph.

28. With respect to the allegations contained in paragraph "28" of the Complaint that set forth conclusions of law, no response is required. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of co-Defendants Mainstream and/or Grant's "revenues" and "business" as alleged in said paragraph, and otherwise denies the remaining allegations contained in said paragraph.

29. With respect to the allegations contained in paragraph "29" of the Complaint, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of co-Defendants Mainstream and/or Grant's use and purchase of "materials" as alleged in said paragraph, otherwise denies the remaining allegations contained in said paragraph.

30. With respect to the allegations contained in paragraph "30" of the Complaint, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of co-Defendants Mainstream and/or Grant's "business" as alleged in said paragraph, and otherwise denies the remaining allegations contained in said paragraph.

31. With respect to the allegations contained in paragraph "31" of the Complaint, Defendant admits upon information and belief that co-Defendants Mainstream and/or Grant are involved in "business" as alleged in said paragraph. Defendant otherwise denies the remaining allegations contained in said paragraph.

32. With respect to the allegations contained in paragraph "32" of the Complaint, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the "business" of co-Defendants Mainstream and/or Grant as alleged in said paragraph. Defendant admits only that it pays required taxes and related payments to appropriate taxing and/or governmental authorities, but otherwise denies the remaining allegations contained in said paragraph.

33. With respect to the allegations contained in paragraph "33" of the Complaint, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the "business" of co-Defendants Mainstream and/or Grant as alleged in said paragraph. Defendant otherwise denies the remaining allegations contained in said paragraph.

34. With respect to the allegations contained in paragraph "34" of the Complaint, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the "business" of co-Defendants Mainstream and/or Grant as alleged in said paragraph. Defendant otherwise denies the remaining allegations contained in said paragraph.

35. With respect to the allegations contained in paragraph "35" of the Complaint that set forth conclusions of law, no response is required. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of co-Defendants Mainstream's and/or Grant's use of "instrumentalities" as alleged in said paragraph. Defendant otherwise denies the remaining allegations contained in said paragraph.

36. With respect to the allegations contained in paragraph "36" of the Complaint that set forth conclusions of law, no response is required. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of co-Defendants Mainstream's and/or Grant's

failure to display posters as alleged in said paragraph. Defendant otherwise denies the remaining allegations contained in said paragraph.

37. With respect to the allegations contained in paragraph "37" of the Complaint that set forth conclusions of law, no response is required. Defendant refers to the statutes, laws, and decisions cited therein for their true and correct content. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of co-Defendants Mainstream's and/or Grant's failure to display posters and failure to inform Plaintiff of his rights as alleged in said paragraph. Defendant otherwise denies the remaining allegations contained in said paragraph.

38. With respect to the allegations contained in paragraph "38" of the Complaint that set forth conclusions of law, no response is required. Defendant denies employing Plaintiff in any capacity, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in said paragraph.

39. No response is required to the allegation contained in paragraph "39."

40. No response is required to the allegation contained in paragraph "40."

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT – 29 U.S.C. 201 et Seq. (Unpaid Overtime)

41. Defendant incorporates its response to all foregoing paragraphs as if fully set forth herein.

42. With respect to the allegations contained in paragraph "42" of the Complaint that set forth conclusions of law, no response is required. Defendant refers to the statutes and laws cited therein for their true and correct content. Defendant admits only, upon information and belief, that Plaintiff was employed by co-Defendants Mainstream and/or Grant, denies that it ever employed Plaintiff in any capacity whatsoever, and otherwise denies the remaining allegations contained in said paragraph.

43. With respect to the allegations contained in paragraph "43" of the Complaint that set forth conclusions of law, no response is required. Defendant refers to the statutes and laws cited therein for their true and correct content. Defendant denies it engaged in any "enterprise" as alleged in said paragraph, and otherwise denies the remaining allegations contained in said paragraph.

44. With respect to the allegations contained in paragraph "44" of the Complaint that set forth conclusions of law, no response is required. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of co-Defendants Mainstream and/or Grant's "commerce," "business," and "revenues" as alleged in said paragraph, and otherwise denies the remaining allegations contained in said paragraph.

45. With respect to the allegations contained in paragraph "45" of the Complaint that set forth conclusions of law, no response is required. Defendant refers to the statutes and laws cited therein for their true and correct content. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of co-Defendants Mainstream and/or Grant's failure to pay Plaintiff as alleged in said paragraph, and otherwise denies the remaining allegations contained in said paragraph.

46. With respect to the allegations contained in paragraph "46" of the Complaint that set forth conclusions of law, no response is required. Defendant refers to the statutes and laws cited therein for their true and correct content. Defendant admits only that Plaintiff seeks recovery as alleged in said paragraph, denies knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's entitlement to recovery as against co-Defendants Mainstream and/or Grant, and otherwise denies the remaining allegations contained in said paragraph.

## AS AND FOR A SECOND CAUSE OF ACTION
## NYLL 650 set Seq. and 12 NYCRR 142-2.2 etc. (Unpaid Overtime)

47. Defendant incorporates its response to all foregoing paragraphs as if fully set forth herein.

48. With respect to the allegations contained in paragraph "48" of the Complaint that set forth conclusions of law, no response is required. Defendant refers to the statutes and laws cited therein for their true and correct content. Defendant admits only, upon information and belief, that Plaintiff was employed by co-Defendants Mainstream and/or Grant, denies that it ever employed Plaintiff in any capacity whatsoever, and otherwise denies the remaining allegations contained in said paragraph.

49. With respect to the allegations contained in paragraph "49" of the Complaint that set forth conclusions of law, no response is required. Defendant refers to the statutes and laws cited therein for their true and correct content. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of co-Defendants Mainstream and/or Grant's failure to pay Plaintiff as alleged in said paragraph, and otherwise denies the remaining allegations contained in said paragraph.

50. With respect to the allegations contained in paragraph "50" of the Complaint that set forth conclusions of law, no response is required. Defendant refers to the statutes and laws cited therein for their true and correct content. Defendant admits only that Plaintiff seeks recovery as alleged in said paragraph, denies knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's entitlement to recovery as against co-Defendants Mainstream and/or Grant, and otherwise denies the remaining allegations contained in said paragraph.

## AS AND FOR A THIRD CAUSE OF ACTION
## BREACH OF CONTRACT

51. Defendant incorporates its response to all foregoing paragraphs as if fully set forth herein.

52. With respect to the allegations contained in paragraph "52" of the Complaint that set forth conclusions of law, no response is required. Defendant admits only, upon information and belief, that Plaintiff was employed by co-Defendants Mainstream and/or Grant and that Plaintiff seeks recovery as alleged in said paragraph. Defendant denies employing Plaintiff in any capacity whatsoever, denies knowledge or information sufficient to form a belief as to the truth or falsity of co-Defendants Mainstream and/or Grant's conduct as alleged in said paragraph, and otherwise denies the remaining allegations contained in said paragraph.

53. With respect to the allegations contained in paragraph "53" of the Complaint that set forth conclusions of law, no response is required. Defendant admits only, upon information and belief, that Plaintiff was employed by co-Defendants Mainstream and/or Grant. Defendant denies employing Plaintiff in any capacity whatsoever, denies knowledge or information sufficient to form a belief as to the truth or falsity of co-Defendants Mainstream and/or Grant's conduct as alleged in said paragraph, and otherwise denies the remaining allegations contained in said paragraph.

54. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "54" of the Complaint.

55. With respect to the allegations contained in paragraph "55" of the Complaint that set forth conclusions of law, no response is required. Defendant admits only that Plaintiff seeks recovery as alleged in said paragraph, denies knowledge or information sufficient to form a belief

as to the truth or falsity of Plaintiff's entitlement to recovery as against co-Defendants Mainstream and/or Grant, and otherwise denies the remaining allegations contained in said paragraph.

## AS AND FOR A FOURTH CAUSE OF ACTION
## NYLL § 190, 191, 193, 195 AND 198

56. Defendant incorporates its response to all foregoing paragraphs as if fully set forth herein.

57. With respect to the allegations contained in paragraph "57" of the Complaint that set forth conclusions of law, no response is required. Defendant refers to the statutes and laws cited therein for their true and correct content. Defendant admits only, upon information and belief, that Plaintiff was employed by co-Defendants Mainstream and/or Grant, denies that it ever employed Plaintiff in any capacity whatsoever, and otherwise denies the remaining allegations contained in said paragraph.

58. With respect to the allegations contained in paragraph "58" of the Complaint that set forth conclusions of law, no response is required. Defendant refers to the statutes and laws cited therein for their true and correct content. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of co-Defendants Mainstream and/or Grant's failure to pay Plaintiff as alleged in said paragraph, and otherwise denies the remaining allegations contained in said paragraph.

59. With respect to the allegations contained in paragraph "59" of the Complaint that set forth conclusions of law, no response is required. Defendant refers to the statutes and laws cited therein for their true and correct content. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of co-Defendants Mainstream and/or Grant's failure to pay Plaintiff as alleged in said paragraph, and otherwise denies the remaining allegations contained in said paragraph.

60. With respect to the allegations contained in paragraph "60" of the Complaint that set forth conclusions of law, no response is required. Defendant refers to the statutes and laws cited therein for their true and correct content. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of co-Defendants Mainstream and/or Grant's failure to provide "statements" to Plaintiff as alleged in said paragraph, and otherwise denies the remaining allegations contained in said paragraph.

61. With respect to the allegations contained in paragraph "61" of the Complaint that set forth conclusions of law, no response is required. Defendant admits only that Plaintiff seeks recovery as alleged in said paragraph, denies knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's entitlement to recovery as against co-Defendants Mainstream and/or Grant, and otherwise denies the remaining allegations contained in said paragraph.

## **PRAYER FOR RELIEF**

62. With respect to the allegations contained in paragraph "62" of the Complaint that set forth conclusions of law, no response is required. Defendant refers to the statutes and laws cited therein for their true and correct content. Defendant admits only that Plaintiff seeks recovery as alleged in said paragraph, and otherwise denies the remaining allegations contained in said paragraph.

63. With respect to the allegations contained in paragraph "63" of the Complaint that set forth conclusions of law, no response is required. Defendant refers to the statutes and laws cited therein for their true and correct content. Defendant admits only that Plaintiff seeks recovery as alleged in said paragraph, and otherwise denies the remaining allegations contained in said paragraph.

64. With respect to the allegations contained in paragraph "64" of the Complaint that set forth conclusions of law, no response is required. Defendant refers to the statutes and laws cited therein for their true and correct content. Defendant admits only that Plaintiff seeks recovery as alleged in said paragraph, and otherwise denies the remaining allegations contained in said paragraph.

65. With respect to the allegations contained in paragraph "65" of the Complaint that set forth conclusions of law, no response is required. Defendant refers to the statutes and laws cited therein for their true and correct content. Defendant admits only that Plaintiff seeks recovery as alleged in said paragraph, and otherwise denies the remaining allegations contained in said paragraph.

66. With respect to the allegations contained in paragraph "66" of the Complaint that set forth conclusions of law, no response is required. Defendant refers to the statutes and laws cited therein for their true and correct content. Defendant admits only that Plaintiff seeks recovery as alleged in said paragraph, and otherwise denies the remaining allegations contained in said paragraph.

67. With respect to the allegations contained in paragraph "67" of the Complaint, Defendant admits only that Plaintiff seeks recovery as alleged in said paragraph, and otherwise denies the remaining allegations contained in said paragraph.

68. With respect to the allegations contained in paragraph "68" of the Complaint, Defendant admits only that Plaintiff seeks recovery as alleged in said paragraph, and otherwise denies the remaining allegations contained in said paragraph.

69. With respect to the allegations contained in paragraph "69" of the Complaint, Defendant admits only that Plaintiff seeks recovery as alleged in said paragraph, and otherwise denies the remaining allegations contained in said paragraph.

70. Defendant DENIES any allegation not specifically responded to in the Complaint.

## DEFENDANT'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

71. The Complaint and each of its causes of action fail to state a claim on which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

72. Plaintiff's claims against Defendant are barred because Defendant was not Plaintiff's employer, either in an individual, integrated, joint, or other manner.

### THIRD AFFIRMATIVE DEFENSE

73. Plaintiff's contract claims against Defendant are barred because Plaintiff and Defendant never entered into any contract, whether written, oral, implied, quasi, or otherwise.

### FOURTH AFFIRMATIVE DEFENSE

74. Plaintiff's contract claims against Defendant are barred because Plaintiff is not a third-party beneficiary to any contract to which Defendant may be a party to.

### FIFTH AFFIRMATIVE DEFENSE

75. Plaintiff's claims are barred all or in part by the applicable statutes of limitations. Plaintiff is not entitled to an extension of the statute of limitations as Defendant did not act willfully.

### SIXTH AFFIRMATIVE DEFENSE

76.     The Complaint's wage-and-hour causes of action are barred because Plaintiff was at all relevant times exempt from coverage under the EXECUTIVE and/or PROFESSIONAL and/or ADMINISTRATIVE exemptions under the FLSA and relevant New York law.

### SEVENTH AFFIRMATIVE DEFENSE

77.     Defendant's alleged violations of the FLSA and relevant New York law were not pursuant to a uniform policy, plan, or practice.

### EIGHTH AFFIRMATIVE DEFENSE

78.     Plaintiff's claims for damages, to the extent any damages are actually suffered, must be reduced for non-compensable preliminary or postliminary work.

### NINTH AFFIRMATIVE DEFENSE

79.     Plaintiff's claims are barred as any alleged damages are speculative and/or *de minimis*.

### TENTH AFFIRMATIVE DEFENSE

80.     Plaintiff's claims are barred as to hours allegedly worked where Defendant did not have actual or constructive knowledge of such hours worked.

### ELEVENTH AFFIRMATIVE DEFENSE

81.     Should Plaintiff prevail on any allegations regarding overtime pay liability, Defendant is entitled to exclusion of aspects of compensation that are excludable from regular rate of pay calculations under the FLSA and relevant New York law.

### TWELFTH AFFIRMATIVE DEFENSE

82.     Defendant has a partial and/or complete defense based upon documentary records and evidence.

### THIRTEENTH AFFIRMATIVE DEFENSE

83. Plaintiff's claims are barred under the doctrines of waiver, estoppel, and unclean hands.

### FOURTEENTH AFFIRMATIVE DEFENSE

84. Plaintiff's claims are subject to dismissal because, upon information and belief, Plaintiff received payment for all work performed in accordance with the FLSA and applicable New York law.

### FIFTEENTH AFFIRMATIVE DEFENSE

85. Plaintiff's claims are barred to the extent that they are based upon any allegations and/or claims for which he has failed to exhaust administrative remedies.

### SIXTEENTH AFFIRMATIVE DEFENSE

86. Plaintiff's claims are barred because Defendant exercised reasonable care to prevent and/or correct any alleged pay deficiencies, and Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by Defendant or to avoid harm otherwise.

### SEVENTEENTH AFFIRMATIVE DEFENSE

87. Any recovery for Plaintiff's claims is barred to the extent Plaintiff failed to mitigate his damages.

### EIGHTEENTH AFFIRMATIVE DEFENSE

88. Plaintiff's claims are barred to the extent that they seek any measure of recovery beyond the damages allowed pursuant to the statutory authority by which his claims are purportedly brought.

**NINETEENTH AFFIRMATIVE DEFENSE**

89. Defendant's actions were in good faith conformity and/or reliance on administrative regulation, order, ruling, interpretation, and/or practice of the New York Department of Labor and/or the U.S. Department of Labor.

**TWENTIETH AFFIRMATIVE DEFENSE**

90. Defendant reserves the right to assert such other additional and/or affirmative defenses that may become known to them through discovery.

**WHEREFORE**, for all the foregoing reasons, Defendant respectfully demands judgment dismissing Plaintiff's Complaint in its entirety on the merits, together with costs, disbursements, and reasonable attorneys' fees incurred in defending this action; that in the event judgment is awarded to Plaintiff that it be reduced to the extent that Plaintiff failed to mitigate his damages; and that Defendant have such other and further relief as this Court may deem just and proper.

**AS AND FOR A FIRST CROSS-CLAIM AGAINST
DEFENDANT MAINSTREAM AND DEFENDANT GRANT
FOR INDEMNIFICATION**

1. Upon information and belief, that if and in the event the plaintiff sustained any damages as alleged in the Complaint, all of which are denied by this answering Defendant, said damages were caused by the negligence, culpable conduct and/or wrongful acts of Defendants Mainstream and Grant and/or their agents, servants and/or employees, and not through any negligence, culpable or wrongful conduct on the part of the answering Defendant or its agents, servants, and/or employees.

2. By reason of the foregoing, this answering Defendant is entitled to judgment over and against Defendants Mainstream and/or Grant for common law indemnification for all or part of any verdict or judgment that Plaintiff may recover against this answering Defendant.

## AS AND FOR A SECOND CROSS-CLAIM AGAINST DEFENDANT MAINSTREAM AND DEFENDANT GRANT FOR CONTRIBUTION

3.     Upon information and belief, that if and in the event the Plaintiff sustained any damages as alleged in the Complaint, all of which are denied by this answering Defendant, said damages were caused by the negligence, culpable conduct and/or wrongful acts of Defendant Mainstream and/or Grant and/or their agents, servants and/or employees, and not through any negligence, culpable or wrongful conduct on the part of this answering Defendant or its agents, servants, and/or employees.

4.     By reason of the foregoing, this answering Defendant is entitled to judgment over and against Defendant Mainstream and/or Grant for common law contribution for all or part of any verdict or judgment that Plaintiff may recover against this answering Defendant.

## AS AND FOR A THIRD CROSS-CLAIM AGAINST DEFENDANT MAINSTREAM AND DEFENDANT GRANT FOR CONTRACTUAL INDEMNIFICATION

5.     Defendant and co-Defendant Mainstream and/or co-Defendant Grant are parties to various agreements, including but not limited to the following:

   a. LETTER OF COMMITMENT, executed July 10, 2020;

   b. GENERAL EMPLOYER ADOPTION AGREEMENT, executed October 30, 2020;

   c. ADMINISTRATIVE PROCESSING AND BUCKET SPECIFICATION AGREEMENT, executed October 30, 2020;

   d. ELECTRONIC FUNDS TRANSFER AUTHORIZATION, executed October 30, 2020;

    e.   EMPLOYER ANNUALIZATION ACKNOWLEDGMENT, executed October 30, 2020;

    f.   ANNUALIZATION COMPLIANCE PROGRAM PARAMETER REQUEST AND AUTHOIZATION FORM, executed October 30, 2020;

    g.   BROKER OF RECORD DESIGNATION ASSIGNMENT, executed October 30, 2020

6.    Upon information and belief, Defendant Mainstream and/or co-Defendant Grant are parties to various public works' contracts and agreements with the City of New York.

7.    In the event that Plaintiff is found to have suffered any injuries or damages in the manner alleged in Plaintiff's complaint, and if Plaintiff should thereby recover and judgment against this answering Defendant, then this answering Defendant is entitled to contractual indemnification and defense from Defendants Mainstream and/or Grant pursuant to the aforementioned contracts and agreements, including the agreements between this answering Defendant and Defendant Mainstream and/or Defendant Grant, and will thereby be obliged to indemnify and defend this answering Defendant for any judgment that may be recovered against it.

Dated: July 25, 2022                          **HARRIS BEACH PLLC**

                                          By:   s/Scott D. Piper
                                                   Scott D. Piper, Esq. (SP2076)
                                                   *Attorneys for Defendant*
                                                   99 Garnsey Road
                                                   Pittsford, NY 14534
                                                   Phone: (585) 419-8800
                                                   Fax: (585) 419-8817
                                                   spiper@harrisbeach.com