UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
Shawn Reid,                                                           Case No.: 1:22-cv-04483

                        *Plaintiff*,                       **ANSWER WITH AFFIRMAITVE DEFENSES**

    -against-                                                              **TO CROSSCLAIMS**

Mainstream Electric, Inc., GMR Associates Inc., and
Errol Grant,

                          *Defendants*.
-----------------------------------------------------------------------X

Defendants Mainstream Electric, Inc. and Errol Grant (together, the "Defendants"), by and through their undersigned attorneys, Levin-Epstein & Associates, P.C., as and for their answer and affirmative defenses to Answer with Crossclaims, filed on July 25, 2022 (the "Cross-Claim") of Defendant GMR Associates Inc (the "GMR"), hereby admit, deny and allege as follows:

### AS AND FOR A FIRST CROSS-CLAIM AGAINST DEFENDANT MAINSTREAM AND DEFENDANT GRANT FOR INDEMNIFICATION

1. The allegations contained in paragraph "1" of the Cross-Claim set forth legal conclusions for which no response is required.

2. The allegations contained in paragraph "2" of the Cross-Claim set forth legal conclusions for which no response is required.

### AS AND FOR A SECOND CROSS-CLAIM AGAINST DEFENDANT MAINSTREAM AND DEFENDANT GRANT FOR CONTRIBUTION

3. The allegations contained in paragraph "3" of the Complaint set forth legal conclusions for which no response is required.

4. The allegations contained in paragraph "4" of the Complaint set forth legal conclusions for which no response is required.

**AS AND FOR A THIRD CROSS-CLAIM AGAINST DEFENDANT MAINSTREAM AND DEFENDANT GRANT FOR CONTRACTUAL INDEMNIFICATION**

5. The allegations contained in paragraph "5" of the Complaint set forth legal conclusions for which no response is required.

6. The allegations contained in paragraph "6" of the Complaint set forth legal conclusions for which no response is required.

7. The allegations contained in paragraph "7" of the Complaint set forth legal conclusions for which no response is required.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

8. Defendants did not engage in willful or unlawful conduct.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

9. Failure to join an indispensable party.

**AS AND FOR AN THIRD AFFIRMATIVE DEFENSE**

10. GMR's claims are barred, in whole or part, by the doctrines of laches, waiver, estoppel, and unclean hands.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

11. Amount alleged to be due is inaccurate.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

12. GMR has failed to mitigate its damages, if any.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

13. Any damage, loss or liability sustained by GMR must be reduced, diminished, and/or barred in proportion to the wrongful or negligent conduct of persons or entities other than Defendants under the principles of equitable allocation, recoupment, set-off, proportionate responsibility, and comparative fault.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

14. GMR's claims are barred because Defendants did not directly or proximately cause or contribute to any damage, loss or injury sustained by Defendants.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

15. GMR's damages, if any, resulted from the acts or omissions of other persons or entities over which Defendants had no control. The acts of such persons or entities constitute intervening or superseding causes of harm, if any, suffered by GMR, and Defendants are not responsible, in law or fact, for any alleged acts or omissions issued by those persons or entities.

## RESERVATION OF RIGHTS

16. Defendants reserve the right to raise additional affirmative defenses and to supplement those asserted herein upon discovery of further information and investigation into the GMR's claims.

**WHEREFORE**, Defendants demands judgment in their favor:

(a) denying GMR is entitled to the relief for which it prays or to any other relief.

(b) dismissing the Cross-Claim against Defendants on the merits with prejudice and in its entirety;

(c) granting Defendants such other and further relief as the Court may deem just and proper.

Dated: August 16, 2022
New York, New York

By:   /s/*Jason Mizrahi*
Jason Mizrahi, Esq.
60 East 42nd Street, Suite 4700
New York, New York 10165
Telephone: (212) 792-0048
Email: Jason@levinepstein.com
*Attorneys for Defendants*